CAMPBELL
*vs*
WEAKLEY.

---

CHANCERY.

## Campbell *vs* Weakley.

ERROR TO THE SHELBY CIRCUIT.

Case 8.

*September 17.*

*Practice.    Commissioners' Reports.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

Is a decree of the circuit court noted upon the minute book before entered at large upon the

IT may be a question whether a decree noted on the minute book as a decree, though signed by the Judge, can be regarded as a decree of the Court, until the same is entered at length upon the order book, and sanctioned by the Judge by his signature, as a decree, so as to au-

CAMPBELL
*vs*
WEAKLEY.

thorize an execution upon it.  But the question whether it is or is not a decree, cannot be raised in this Court, until there has been some adjudication upon the question in the lower Court by a motion or writ of error *coram vobis* to quash the execution.

It is or it is not a decree.  If it be no decree, then no appeal or writ of error lies to this Court upon it as such. If it be a decree, then this Court must affirm or reverse it as such.  The 12th section of the statute of 1800, (1 *Stat. Laws*, 329,) after directing the manner in which the orders of each day shall be made up and signed by the Judge, proceeds, "but the record of the proceedings of said Court, on the last day of any term, shall be read and signed as aforesaid on the first day of the ensuing Court."  "Nothing herein contained shall prevent the minutes of the Court before mentioned, from being read and signed each day, before the adjournment of the Court."  Whether the authority here given to the Judge to sign the orders of the last day of the term, on the first day of the next succeeding term, and the sanction of the authority to sign the minutes as heretofore, will authorize execution upon the minutes thus signed before the orders are drawn out at length upon the order book and signed by the Judge, on the first day of the succeeding term, may be a question.  But the question can only be raised by objection to the execution in the Court of original jurisdiction, on account of its premature issue, or issue without a judgment or decree.

Nor can the objection be sustained, that the decree was entered on the last day of the term, after the general order of a previous day, continuing all causes on the docket, there being no objection made in the lower Court to the entry of the decree, or injury shown.  Besides we must presume that the Court did right until the contrary is shown, and to sustain the action of the Court, we should indulge in the presumption that the bill and papers were in the hands of the Court before the order for a continuance of all causes was made, and that it was not intended to apply to the case.

Nor can it make any difference whether the mandate of this Court, upon the reversal of the former decree, on the

*order book, a decree upon which execution may issue, &c. ?—*

*QUERE.  But whether or not the question can not be raised here before it is made and adjudicated upon by the circuit court by motion, or writ of error coram vobis to quash the execution.*

*That a decree was rendered on the last day of the term of a circuit court and after a general order of continuance, is no ground of reversal, if there wss no objection made to it; this court will presume that the papers were in the hands of the court before the general order of continuance was made, and that such order was not intended to apply to the case.*

CAMPBELL
*vs*
WEAKLEY.

Either party has a right to file the mandate of this court in the inferior court, and the other party is bound to take notice of such filing, and the subsequent proceedings in the case.

appeal of the present appellant, was filed in the lower Court by him or by the appellee. Either had a right to file it, and when filed, he being in Court, was bound to take notice of the steps taken in the cause and of the amended bill filed, and especially as one of the grounds of reversal, upon his own appeal, was that he had not been named and proceeded against as administrator, in the former bill, though it appeared in the proof that he was administrator, and leave was allowed to the complainant, upon the return of the cause, to amend. Being in Court and bound to take notice of the return of the cause and of the amended bill filed, his duty was to answer it, and failing to do so, it was properly taken for confessed at the succeeding term.

The report of a Commissioner in a cause, though unexcepted to, should not be made the basis of the decree of the chancellor where it assumes an improper basis, not warranted by the facts appearing.

But there is error in the decree, as to the amount. Though the Commissioner's report was filed three years before, and no exception taken to it, that report makes the judgment in favor of the complainant the basis of the amount due him, and a copy of the judgment and proceedings are exhibited in the record, as the only evidence of the amount due him. That judgment carries interest from the 20th of September, 1841, when the Commissioner's report, by mistake, makes it bear interest from the 1st of January, 1841, which was no doubt the date from which the Chancellor made the calculation, so as to produce the amount of the decree rendered. Calculating the interest from the 20th September, instead of the 1st of January, 1841, down to the rendition of the decree, will produce twenty three dollars sixty eight cents, ($23 68 cents,) less than the amount of the decree.

For this error only, the decree is reversed and cause remanded, that a decree may be rendered as indicated, and the costs in this Court are divided.

*Sprigg* for plaintiff; *McHenry* for defendant.